**Rufino VALLE, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

Nos. 02–70476, INS A76–728–658.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Rufino Valle petitions for review of a final order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Valle contends that he has demonstrated a well-founded fear of persecution on account of political opinion. We must uphold the BIA's decision unless the evidence presented by Valle "is such that a reasonable

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fact-finder would be compelled to conclude that the requisite fear of persecution existed." *See Khourassany v. INS,* 208 F.3d 1096, 1100 (9th Cir.2000) (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

Accepting as true Valle's testimony regarding his experiences with guerrillas in Guatemala, we conclude that he has not met this standard. *See Singh v. Ilchert,* 63 F.3d 1501, 1506 (9th Cir.1995) (petitioner's testimony accepted as true where BIA left the immigration judge's positive credibility determination undisturbed). In 1986, guerrillas threatened Valle and assaulted his common-law wife. But Valle presented no evidence that the guerrillas persecuted him on account of his political opinion or any political opinion that they imputed to him. *See Cordon–Garcia v. INS,* 204 F.3d 985, 991 (9th Cir.2000); *Khourassany,* 208 F.3d at 1100 (episodes of harassment, without more, do not suffice to demonstrate persecution). The fact that Valle's wife and son have remained unharmed in Guatemala further undermines his claim of persecution. *See Mendez–Efrain v. INS,* 813 F.2d 279, 283 (9th Cir.1987) (evidence that petitioner's family remained unharmed in El Salvador supports conclusion that he would not be subject to persecution).

Because Valle does not satisfy the standard for asylum, he necessarily fails to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.